BRIAN M. KRAMER (CA SBN 212107)
BMKramer@mofo.com
JOHN R. LANHAM (CA SBN 289382)
JLanham@mofo.com
CANDICE HEINZE (CA SBN 333546)
CHeinze@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

Attorneys for Plaintiff
DNA GENOTEK INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNA GENOTEK INC., a Canadian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM SOLUTIONS L.L.C., a Utah Limited Liability Company,<br><br>Defendant. | Case No. 21-cv-0516-DMS-LL<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff DNA Genotek Inc. ("DNA Genotek"), by its attorneys, for its First Amended Complaint, alleges as follows:

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, involving United States Patent No. 10,619,187 ("the '187 patent") (attached hereto as Exhibit A).

**PARTIES**

2. Plaintiff DNA Genotek is a Canadian corporation with its principal place of business in Kanata, Ontario. DNA Genotek is a wholly-owned subsidiary of OraSure Technologies, Inc., a Delaware corporation with its principal place of business in Bethlehem, Pennsylvania.

3. Upon information and belief, Spectrum Solutions L.L.C. is a Utah limited liability company with its principal place of business in Draper, Utah. Upon information and belief, Spectrum DNA is a division of Spectrum Solutions L.L.C. (collectively "Spectrum"). Spectrum Solutions L.L.C. was formerly known as Spectrum Packaging, L.L.C. Spectrum sells saliva DNA collection devices.

**JURISDICTION AND VENUE**

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, Section 1, et seq. of the United States Code. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Spectrum because it has purposefully availed itself of the privileges and benefits of the laws of the State of California. For example, infringing Spectrum products are being used by local hospitals in this District as part of their COVID-19 testing procedures. Upon information and belief, Spectrum, its agents, subsidiaries, employees, market products in California and ship products to California that infringe the '187 patent.

6. In addition, this Court has personal jurisdiction over Spectrum because on February 6, 2017, Spectrum entered into a Settlement and License Agreement ("Settlement Agreement") that resolved DNA Genotek's previous patent

infringement claims against Spectrum. By entering into the Settlement Agreement, Spectrum consented that the U.S. District Court for the Southern District of California shall have exclusive jurisdiction over all disputes or claims between DNA Genotek and Spectrum arising out of or relating to the Settlement Agreement or the breach thereof.

7. Upon information and belief, Spectrum manufactures at least two DNA saliva collection devices that infringe the '187 patent. Infringing products include Spectrum Model Nos. SDNA-1000 and SDNA-2000. The SDNA-2000 kit has the same structural design as the SDNA-1000 kit, but, according to Spectrum, is "reserved for DNA/viral RNA molecular diagnostic testing applications requiring a saliva collection system qualified as a class II medical device holding FDA 510k approval." Upon information and belief, Defendant Spectrum makes, sells, offers for sale, and imports DNA saliva collection devices that infringe the '187 patent ("the Spectrum Product"). Upon information and belief, Spectrum assembles and sells DNA saliva collection devices that are shipped in interstate commerce, including to California, and that infringe the '187 patent.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c), and 1400(b).

9. Although DNA Genotek and Spectrum have previously been involved in litigation in this District, the previous action is not a related case to this action.

**FACTUAL BACKGROUND**

10. DNA Genotek products are marketed worldwide and support customers as they achieve breakthroughs in genomic research, in diagnostics laboratories, in the pharmaceutical industry, in livestock and animal genomics, and in personal genomics. DNA Genotek is a leading provider of products for biological sample collection, including oral fluid sample collection and stabilization solutions like the ones at issue in this case. DNA Genotek has revolutionized the nucleic acid (DNA and RNA) collection market with products that provide

substantial advantages over traditional methods of biological sample collection. DNA Genotek's products incorporate proprietary technology that is protected by a robust patent estate.

11. Among its many inventions, DNA Genotek developed and patented its proprietary saliva DNA collection kits ("DNA Genotek Saliva Collection Products"). DNA Genotek sells the DNA Genotek Saliva Collection Products to customers and distributors worldwide, including in this District. Throughout the COVID-19 pandemic, DNA Genotek has been a leader in providing reliable saliva collection devices for COVID-19 testing. For example, *Time* declared DNA Genotek's OMNIgene Oral saliva collection kit for COVID-19 samples to be among *Time's* Best Inventions of 2020. *See* https://time.com/collection/best-inventions-2020/5911390/orasure-omnigene-oral/ (last visited Jan. 26, 2021).

12. Spectrum has a history of infringing patents that protect DNA Genotek Saliva Collection Products. DNA Genotek sued Spectrum for patent infringement of U.S. Patent No. 8,221,381 B2 in the District of Delaware, *DNA Genotek Inc. v. Spectrum Solutions L.L.C. et al*, Case. No. 15-cv-00661-SLR (D. Del. filed July 30, 2015). Later, DNA Genotek sued Spectrum for patent infringement of U.S. Patent No. 9,207,164 B2 in this District, *DNA Genotek Inc. v. Spectrum Solutions L.L.C.*, Case No. 16-cv-1544-JLS-NLS (S.D. Cal. filed June 20, 2016). DNA Genotek and Spectrum entered into the February 6, 2017 Settlement Agreement to resolve DNA Genotek's outstanding claims against Spectrum arising out of Spectrum's marketing, manufacture, use, sale, and distribution of products that infringe DNA Genotek's patents.

13. Several months after signing the Settlement Agreement, DNA Genotek sued Spectrum in this District for breach of contract for Spectrum's breach of the Settlement Agreement, *DNA Genotek Inc. v. Spectrum Solutions L.L.C.*, Case No. 17-cv-1650-L-RBB. The Settlement Agreement included licensing provisions that required Spectrum to cease all sales of infringing Spectrum devices, except that for

a limited period, Spectrum was allowed to wrap up business with five specific customers.  Spectrum breached the Settlement Agreement by offering infringing devices for sale to customers other than the five permitted customers.  The parties settled the lawsuit when Spectrum provided an accounting of its unauthorized offers for sale.  DNA Genotek filed a motion to dismiss the lawsuit on April 25, 2018.  The Court granted the motion to dismiss the following day.

14. DNA Genotek is the owner by assignment of all right, title, and interest in and to the '187 patent, which duly and legally issued to DNA Genotek, as assignee of H. Chaim Birnboim, on April 14, 2020.

15. Spectrum has been and is now infringing one or more claims of the '187 patent.

16. Spectrum infringes the '187 patent, either literally or under the doctrine of equivalents, by making, using, offering for sale, selling and/or importing the Spectrum Product.

17. On information and belief, Spectrum has been aware of the '187 patent at least as early as April 14, 2020.  Spectrum has been aware of the patent application leading to the '187 patent at least as early as April 8, 2020.

18. Spectrum was aware of the '187 patent when engaging in these knowing and purposeful activities and was aware that the making, using, selling, or offering for sale of the Spectrum Product or services incorporating the Spectrum Product constituted an act of infringement of the '187 patent.

19. On its website, Spectrum claims to be the "manufacturer and supplier" of the SDNA-1000 and SDNA-2000.  Examples of products shipped to the Southern District of California described on Spectrum's website include this device:






20. Spectrum includes nearly identical photographs of its device on its website:



21. Upon information and belief, apart from its sale of the Spectrum Product to individuals throughout the country, including in California, Spectrum

has shipped and offered for sale the Spectrum Product to persons and/or entities who maintain business operations and headquarters in the Southern District of California.

22. Spectrum includes a step-by-step graphic on its website for how its infringing device functions:



23. Spectrum's Product is configured such that when sealably closed, the opening in the sealed cap causes the barrier to mechanically disestablish to release the DNA stabilizing reagent from the cap of the kit into the saliva sample inside the tube. A photograph of the sealing cap with the barrier dissembled is shown below:



Case No. 21-cv-0516-DMS-LL
FIRST AMENDED COMPLAINT

sf- 4502174

**COUNT I – INFRINGEMENT OF THE '187 PATENT**

24. DNA Genotek restates and incorporates by reference paragraphs 1-23, as if full set forth herein.

25. Spectrum has been and is now infringing one or more claims of the '187 patent, either literally or by the doctrine of equivalents.

26. The claims of the '187 patent cover an invention related to the preservation and extraction of nucleic acids from saliva. For example, claim 1 covers: "A device for receiving and preserving nucleic acid in a biological sample, said device comprising: (a) one or more walls defining a containment vessel having a top having an opening, and a closed bottom having a sample receiving area for holding said biological sample, said opening for receiving a liquid sample and for sealably receiving a sealing cap, said top having an opening for receiving a biological sample from the mouth of a user and further comprising at least one marking on said one or more walls which corresponds to a fluid volume in the sample receiving area; (b) a reagent compartment having a barrier, said barrier sealing and containing reagents in said reagent compartment and capable of disestablishment to release said reagents into the sample receiving area; (c) reagents in the reagent compartment for preserving nucleic acids potentially present in the sample wherein said reagents comprise a denaturing agent, a chelator and a buffer agent; and, (d) the sealing cap, whereby the device is configured such that, when sealably closing said opening with said sealing cap, the barrier mechanically disestablishes to release said reagents to form a mixture of reagents and said biological sample wherein said buffering agent maintains a pH of said mixture equal to or above 5.0 to preserve nucleic acids potentially present in the sample." (Ex. A at 19:34-59.)

27. The preamble of claim 1 of the '187 patent recites a device for receiving and preserving nucleic acid in a biological sample.

28. The Spectrum Product is a device that receives a biological sample containing nucleic acid and preserves the nucleic acid therein.

29. To the extent the preamble to claim 1 is a claim limitation, the Spectrum Product meets the preamble of claim 1 of the '187 patent.

30. Limitation (a) of claim 1 of the '187 patent recites one or more walls defining a containment vessel having a top having an opening, and a closed bottom having a sample receiving area for holding said biological sample, said opening for receiving a liquid sample and for sealably receiving a sealing cap, said top having an opening for receiving a biological sample from the mouth of a user and further comprising at least one marking on said one or more walls which corresponds to a fluid volume in the sample receiving area.

31. As depicted above and as described in Spectrum's user instructions and marketing materials, the Spectrum Product includes a tube with one continuous wall, which is a containment vessel for collecting a saliva sample. The containment vessel has a top with an opening for receiving a liquid sample and a closed "V"-shaped bottom that holds the liquid sample. Spectrum instructs the user to deposit saliva from his or her mouth into the collection tube through the opening on the top. There is a black wavy line on the wall of the containment vessel, which depicts the fill line for a user's saliva in the sample receiving area. The opening sealably receives a sealing cap when the cap is threaded closed onto the tube.

32. The Spectrum Product meets limitation (a) of claim 1 of the '187 patent.

33. Limitation (b) of claim 1 of the '187 patent recites a reagent compartment having a barrier, said barrier sealing and containing reagents in said reagent compartment and capable of disestablishment to release said reagents into the sample receiving area.

34. The cap of the Spectrum Product includes a reagent compartment, which holds a stabilizing fluid reagent. This reagent compartment has a sleeve

valve comprising a moveable (relative to the reagent compartment) inner post and fixed (relative to the reagent compartment) outer ring. When the outer ring is positioned at the top of the inner post, it occludes reagent sample, thereby providing a barrier between the reagent and sample receiving area. The components of the sleeve valve on the Spectrum Product seal and contain the stabilizing fluid reagent in the cap compartment. This barrier is capable of disestablishment when the sleeve valve's inner post slides relative to the outer ring to reveal vents on the inner post. This disestablishment releases the reagent from the cap, allowing the reagent to empty into the sample receiving area of the collection tube.

35. The Spectrum Product meets limitation (b) of claim 1 of the '187 patent.

36. Limitation (c) of claim 1 of the '187 patent recites reagents in the reagent compartment for preserving nucleic acids potentially present in the sample wherein said reagents comprise a denaturing agent, a chelator and a buffer agent.

37. The Spectrum Product has reagents in the reagent compartment, shown by the stabilization fluid in the cap compartment. The reagent in the cap compartment of the Spectrum Product is a DNA stabilizing solution to stabilize DNA in the collected saliva sample. The reagent in the Spectrum Product includes a denaturing agent, a chelator, and a buffer agent.

38. The Spectrum Product meets limitation (c) of claim 1 of the '187 patent.

39. Limitation (d) of claim 1 of the '187 patent recites the sealing cap, whereby the device is configured such that, when sealably closing said opening with said sealing cap, the barrier mechanically disestablishes to release said reagents to form a mixture of reagents and said biological sample wherein said buffering agent maintains a pH of said mixture equal to or above 5.0 to preserve nucleic acids potentially present in the sample.

sf- 4502174

40. The cap compartment of the Spectrum Product contains the reagent and is threaded closed onto the collection tube. When the sealing cap is threaded closed onto the tube, the tube mechanically disestablishes the sleeve valve's barrier to release the DNA stabilizing reagent from the cap into the tube, thereby mixing the reagent with the biological sample. The buffering agent in the Spectrum Product maintains a pH of the mixture above 5.0 to preserve nucleic acids potentially present in the sample.

41. The Spectrum Product meets limitation (d) of claim 1 of the '187 patent.

42. Spectrum's infringing activities include making, using, offering for sale, selling, and/or importing into the United States products that infringe one or more claims of the '187 patent.

43. Spectrum's infringing activities violate 35 U.S.C. § 271.

44. As a result of Spectrum's infringement of the '187 patent, DNA Genotek has been and will be damaged, and DNA Genotek is entitled to be compensated for such damages pursuant to 35 U.S.C. § 284 in an amount to be determined at trial, but in no event less than a reasonable royalty.

45. Upon information and belief, Spectrum's infringement of the '187 patent will continue unless enjoined by this Court. As a result of Spectrum's infringement, DNA Genotek has suffered and will continue to suffer irreparable harm for which there is no adequate remedy at law. Accordingly, DNA Genotek is entitled to injunctive relief against such infringement.

46. As a result of Spectrum's infringement, DNA Genotek has suffered and will continue to suffer significant damages.

**PRAYER FOR RELIEF**

WHEREFORE, DNA Genotek respectfully requests the following relief:

(a) Entry of judgment that Spectrum has infringed the '187 patent;

(b) Preliminary and permanent injunctive relief enjoining Spectrum, its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with them, from directly or indirectly infringing the '187 patent;

(c) An award of damages adequate to compensate DNA Genotek for Spectrum's infringement of the '187 patent;

(d) A declaration that this case is exceptional under 35 U.S.C. § 285, and/or other applicable authority;

(e) An award of DNA Genotek's costs and attorneys' fees incurred in connection with this action, under 35 U.S.C. § 285, and other applicable authority;

(f) An award of pre-judgment interest; and

(g) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

DNA Genotek hereby demands trial by jury on all issues so triable.


Dated: June 8, 2021          MORRISON & FOERSTER LLP


By: */s/ Brian M. Kramer*
    Brian M. Kramer
    BMKramer@mofo.com

    Attorney for Plaintiff
    DNA GENOTEK INC.

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2021, a copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record. Counsel that have not yet entered an appearance have been served via email, pursuant to the parties' agreement regarding email service. Email service has been effected on: Nicholas Zovko (Nicholas.Zovko@knobbe.com) and LitSPCTM1L.004L@knobbe.com.

*/s/ Brian M. Kramer*
Brian M. Kramer