UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNA GENOTEK INC., <br><br> Plaintiff, <br><br> v. <br><br> SPECTRUM SOLUTIONS L.L.C., <br><br> Defendant. | Case No.: 21-cv-516-JO-AGS <br><br> **ORDER GRANTING JOINT MOTION FOR ESI ORDER (ECF 96)** |

The parties jointly moved for an order governing the discovery of electronically stored information. (ECF 96.) The parties agreed on most of the proposed ESI order terms, but they requested the Court resolve the remaining issues. (*Id.* at 3.) For the below reasons, the Court **GRANTS** Spectrum's proposals and **DENIES** DNA Genotek's proposals.

### A. Email Discovery by Search Terms (¶¶ 2, 16, 17)

Spectrum generally proposes the ESI protocol would be in lieu of email requests for production; Genotek seeks to have the protocol in addition to such email requests. (*See* ECF 96-1, at 3, 9.) This Court generally agrees with Spectrum's more limited approach to email discovery. Discovery requests must be "relevant" and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). By selecting search terms "narrowly tailored to particular issues," the parties are ensuring the discovery produced will be relevant. (*See* ECF 96-1, at 11.) And by limiting the number of search terms and custodians, the Spectrum protocol endeavors to keep the email discovery proportional to the needs of the case. (*See id.*) If the protocol is only *in addition* to requests for production, the benefit of the established limits would be undercut, frustrating the stated objective of "streamlin[ing] [ESI] production to promote a 'just, speedy, and inexpensive determination' of this action, as required by Federal Rule of Civil Procedure 1." (*Id.* at 3.)

Nevertheless, the language in paragraph 22 of the Order makes clear that if, in the future, there are deficiencies with this approach, nothing in this Order prevents either party from moving the Court to increase the number of search terms or custodians. (*See id.* at 11.)

### B. Additional Custodians and Search Terms After Initial Review

Genotek proposes adding a paragraph that allows the parties to jointly "identify such additional custodians or search terms promptly" after the ESI production begins. (*Id.*) In the event the parties cannot agree, they could ask the Court "to compel the requested discovery." (*Id.*) But the following paragraph, which both parties have agreed to, establishes a redundant procedure: "The parties may jointly agree to modify these [custodian and search-term] limits without the Court's leave. The Court will consider contested requests for additional search terms or custodians, upon a showing of good cause and distinct need based on the size, complexity, and issues of this specific case." (*Id.*)

Both paragraphs propose that, if deficiencies arise in the original custodians and search terms, the parties could jointly agree to any changes. And, if the parties cannot agree, both paragraphs allow for Court intervention.[1] The key difference is that the second paragraph establishes a clear, "good cause" standard and specific factors for the Court to consider. Genotek's proposed paragraph omits such a standard, leaving open possible confusion as to whether the standard would apply. Thus, the Court declines to include Genotek's proposed paragraph in the ESI Order.

### CONCLUSION

For the foregoing reasons, this Court **GRANTS** Spectrum's proposed ESI order language and **DENIES** Genotek's proposed language. A final ESI order with the alterations described above will follow.

Dated:  March 23, 2022

_____
Hon. Andrew G. Schopler
United States Magistrate Judge

---

[1] Genotek's proposed paragraph includes an express requirement to "promptly meet and confer in good faith" before bringing a dispute into court. (ECF 96-1, at 11.) Local Rule 26.1(a) already requires a mandatory meet-and-confer procedure before seeking a protective order. And Chambers Rule C.2 sets a 30-day deadline to bring those motions. So the prompt meet-and-confer requirement would be redundant as well.