UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DNA GENOTEK INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SPECTRUM SOLUTIONS L.L.C.,<br><br>    Defendant. | Case No.: 21-CV-516-RSH-DDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO SEAL**<br><br>**[ECF No. 84]** |

On February 18, 2022, Defendant filed a motion to seal documents in connection with its claim construction brief ("Motion"). ECF No. 84. The Motion seeks to seal Exhibit 18 in support of Defendant's claim construction brief and a portion of a single sentence in that brief that describes Exhibit 18.

There is a presumptive right of public access to court records based upon the common law and the First Amendment. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212-13 (9th Cir. 2002). A party must demonstrate "good cause" when it seeks to file documents under seal in connection with a non-dispositive motion. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210–11.

The Court finds there is good cause to seal Exhibit 18 because it contains proprietary business information that could harm Plaintiff's competitive standing. There is likewise good cause to redact Defendant's claim construction brief. Defendant's proposed redactions are narrowly tailored to seal only the confidential information from Exhibit 18.

The Court therefore **GRANTS** the Motion.

**IT IS SO ORDERED**.

Dated:  September 27, 2022

Hon. Robert S. Huie
United States District Judge