| | |
|---|---|
| **From:** | Cross, David D. |
| **To:** | Brandon Smith |
| **Cc:** | Kramer, Brian M.; DNAGSpectrum; Lit SPCTM1L.004L; Ali Razai |
| **Subject:** | RE: DNA Genotek v. Spectrum |
| **Date:** | Friday, March 3, 2023 6:28:52 PM |

Hi Brandon, Ben, Joe, and Ali,

It was nice connecting with you today. I'm responding to your request that we send you authority we had identified requiring Spectrum to file a complete counterclaim pleading that fully encompasses all the claims it is pursuing rather than the proposed supplemental pleading, which does not contain all Spectrum's counterclaims and underlying allegations, purports to include a new claim for liability (as you've acknowledged), and fundamentally relies on Spectrum's prior counterclaim pleading. We maintain that this is improper, and we direct you, for example, to *Jackson v. Fong*, 870 F.3d 928, 934 (9th Cir. 2017) (citing *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010)) ("The Ninth Circuit has explained that 'a supplemental complaint 'completely super[s]edes any earlier complaint, rendering the original complaint non-existent.''"), and *Fate Therapeutics, Inc., et al. v. Shoreline Biosciences, Inc., et al.*, Case No. 22-cv-00676-H-MSB (S.D. Cal. Jan. 31, 2023), ECF No. 142 (stating that "[p]laintiffs' supplemental complaint must be complete in itself without reference to any prior or superseded pleading.").

Genotek objects to Spectrum's anticipated motion to file a supplemental counterclaim for all the reasons we've previously raised and discussed, and we reserve the right to assert any additional objections once we receive your motion, should you file it.

Best,
DC

---

**From:** Brandon Smith <Brandon.Smith@knobbe.com>
**Date:** Thursday, Mar 02, 2023 at 3:04 PM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>, DNAGSpectrum <DNAGSpectrum@mofo.com>, Lit SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>, Ali Razai <Ali.Razai@knobbe.com>
**Subject:** RE: DNA Genotek v. Spectrum

**External Email**

That works. I saw Drew sent out an invite already, so we'll speak to you then.

**Brandon Smith**
Partner

949-721-5317 Direct

**Knobbe Martens**

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Thursday, March 2, 2023 10:22 AM
**To:** Brandon Smith <Brandon.Smith@knobbe.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>; DNAGSpectrum <DNAGSpectrum@mofo.com>; Lit

Exhibit 4
12

SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>; Ali Razai <Ali.Razai@knobbe.com>
**Subject:** RE: DNA Genotek v. Spectrum

How about 130 ET / 1030 PT tomorrow?

---

**From:** Brandon Smith <Brandon.Smith@knobbe.com>
**Date:** Thursday, Mar 02, 2023 at 11:42 AM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>, DNAGSpectrum <DNAGSpectrum@mofo.com>, Lit SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>, Ali Razai <Ali.Razai@knobbe.com>
**Subject:** RE: DNA Genotek v. Spectrum

**External Email**

---

We are available between 9:30 and 1 PT tomorrow.

Thanks,
Brandon

**Brandon Smith**
Partner
949-721-5317  Direct
**Knobbe Martens**

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Thursday, March 2, 2023 8:32 AM
**To:** Brandon Smith <Brandon.Smith@knobbe.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>; DNAGSpectrum <DNAGSpectrum@mofo.com>; Lit SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>; Ali Razai <Ali.Razai@knobbe.com>
**Subject:** RE: DNA Genotek v. Spectrum

What's your availability tomorrow?

---

**From:** Brandon Smith <Brandon.Smith@knobbe.com>
**Date:** Thursday, Mar 02, 2023 at 11:09 AM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>, DNAGSpectrum <DNAGSpectrum@mofo.com>, Lit SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>, Ali Razai <Ali.Razai@knobbe.com>
**Subject:** RE: DNA Genotek v. Spectrum

**External Email**

---

Hi David,

Exhibit 4
13

Please let us know Genotek's availability to meet and confer. It's been a month since we first requested one.

Thanks,
Brandon

**Brandon Smith**
Partner
949-721-5317  Direct
**Knobbe Martens**

---

**From:** Brandon Smith <Brandon.Smith@knobbe.com>
**Sent:** Wednesday, March 1, 2023 8:26 AM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>; DNAGSpectrum <DNAGSpectrum@mofo.com>; Lit SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>; Ali Razai <Ali.Razai@knobbe.com>
**Subject:** RE: DNA Genotek v. Spectrum

Hi David,

Following up here. Please let us know Genotek's availability to meet and confer.

Thank you,
Brandon

**Brandon Smith**
Partner
949-721-5317  Direct
**Knobbe Martens**

---

**From:** Brandon Smith <Brandon.Smith@knobbe.com>
**Sent:** Monday, February 27, 2023 3:34 PM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>; DNAGSpectrum <DNAGSpectrum@mofo.com>; Lit SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>; Ali Razai <Ali.Razai@knobbe.com>
**Subject:** RE: DNA Genotek v. Spectrum

David,

Over three weeks ago, on February 2, Spectrum requested a meet and confer to discuss updating its pleadings. We note your stated reasons for why you could not respond sooner than yesterday, February 26. However, we need to move this forward. Please provide DNA Genotek's availability to meet and confer on this issue this week.

In your email, you request that we provide law for the new theory in the supplemental pleading. DNA Genotek bears the burden if it is to oppose any supplemental pleading based on futility. Nonetheless, here is an example of legal authority that supports antitrust liability based on the facts in Spectrum's supplemental pleading.

In *Clipper Exxpress v. Rocky Mtn. Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1264, the Ninth Circuit discussed antitrust liability based on assertion of patent rights. There, the Court stated:

> In *Handgards, Inc. v. Ethicon, Inc.*, 601 F.2d 986, 994 (9th Cir. 1979), this court stated that: *Kobe*

Exhibit 4
14

(*Kobe, Inc. v. Dempsy Pump Co.*, 198 F.2d 416 (10th Cir.)), and its progeny, among which is *Rex Chainbelt* (*Rex Chainbelt, Inc. v. Harco Products, Inc.*, 512 F.2d 993 (9th Cir.)), hold that a patentee may incur antitrust liability for even the good faith prosecution of a valid patent where it is shown that the infringement suit "was brought in furtherance and as an integral part of a plan to violate the antitrust laws." 601 F.2d at 994. (Citations omitted). *See also Mach-Tronics, Inc. v. Zirpoli*, 316 F.2d 820, 830-31 (9th Cir. 1963).

In *Zenith Elecs.*, the Federal Circuit stated that a defendant in a patent infringement action may bring an action under the antitrust laws "premised on the patentee allegedly having brought suit on its patent without any belief in infringement…." *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1352 (citing *Loctite Corp. v. Ultraseal*, 781 F.2d 861, 876-77 (Fed. Cir. 1985) (overruled on other grounds)). We trust that this satisfies your request for legal authority. If you disagree, we are happy to discuss it during the meet and confer.

Again, there is no prejudice to DNA Genotek from Spectrum's supplementation of its pleadings. Spectrum's position that DNA Genotek's infringement claims are baseless has been clear since Ali's November 30 letter. And, as you are already aware, the antitrust factors are identical as it is still a claim under Section 2 of the Sherman Act, which the parties have been litigating since Spectrum first filed its Answer and Counterclaim. Additionally, your argument regarding Ali's November 30 letter misses the point. In that letter, Spectrum put DNA Genotek on notice that its claims were implausible and offered to stipulate to a judgment of non-infringement, which would have preserved the issue for appeal. At that point, DNA Genotek was on notice that Spectrum considered DNA Genotek's continued enforcement of the '646 and '187 Patents to be in bad faith. DNA Genotek simply ignored Ali's letter and never provided a substantive response.

You again warn Spectrum of its Rule 11 obligations, without citing a single case to support your position. Spectrum is confident in its antitrust claims. We understand your position, but your repeated threats are not welcomed or appreciated.

Although we notified DNA Genotek that Spectrum no longer plans to pursue its claim under a theory of monopolization, Spectrum is not dropping its Sherman Act Section 2 claim, which it will continue to pursue, albeit narrowed to only attempted monopolization. We agree there is no need for your expert to address a monopolization theory now that the claim has been so narrowed, but given that Spectrum continues to pursue its claim under Section 2 of the Sherman Act, there is nothing to dismiss. If you have authority that a formal dismissal is required where the underlying theory for a claim is narrowed pretrial, please let us know.

Best Regards,
Brandon

**Brandon Smith**
Partner

949-721-5317 Direct

**Knobbe Martens**

---

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Sunday, February 26, 2023 9:01 PM
**To:** Brandon Smith <Brandon.Smith@knobbe.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>; DNAGSpectrum <DNAGSpectrum@mofo.com>; Lit SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>; Ali Razai <Ali.Razai@knobbe.com>
**Subject:** RE: DNA Genotek v. Spectrum

Brandon -

Sorry for not responding sooner. I was traveling with my family when your email came in and I've been trying to get caught up since I returned to the office middle of last week.

Exhibit 4
15

I don't understand your argument that you have not altered the theory underlying your antitrust claims. Can you please direct us to the portion of your Counterclaim that alleges that enforcement of the '646 patent in this litigation violates the federal antitrust laws? My understanding is that your antitrust claims rely only on enforcement of the '187 patent, which was undisputed when the parties and the Court addressed our motion to dismiss those claims. So it seems that you're not only looking to alter your theory, but to add a new claim to the case well after the close of fact discovery. In fact, you acknowledge below that "Spectrum's proposed supplemental pleading *adds an additional basis for liability*" for Genotek, which by definition is a new legal claim.

Additionally, you didn't respond to my request below: "Please send us the legal authority you're relying on for the new theory articulated below, that 'DNA Genotek's continued assertion of the '187 and '646 patents after the Court's claim construction ruling' constitutes an actionable antitrust claim, including the statute(s) you contend that conduct violates." We are not aware of any legal authority that supports the claim that you are seeking to add in this case. If you have none, please confirm that. Otherwise, please identify that authority so we can consider it. You've asserted a *Walker Process* claim here which has specific elements, including proving that Genotek obtained the specific patents at issue through knowing and willful fraud on the patent office. You don't make any such allegation as to the '646 patent. So this new claim must rely on something other than a *Walker Process* theory. Please articulate what that is and the legal authority you have for it so we can prepare for a meaningful meet-and-confer.

Your claim that "Spectrum's proposed supplement of its antitrust claim will not prejudice DNA Genotek as the supplement will not affect fact or expert discovery" is incorrect. Again, enforcement of the '646 patent has never been part of your antitrust claims, for example. And getting a new legal claim involving a new theory about a patent that's never been the subject of the existing antitrust claims on the eve of opening expert reports is obviously untimely and highly prejudicial, even if the claim had merit (which it doesn't). Your reliance on the November 30, 2022 letter is misplaced. I'm not aware of any indication in that letter that Spectrum was contemplating supplementing its Counterclaim to argue that the continued pursuit of this litigation itself constitutes a violation of the antitrust laws, including as to the '646 patent. If I'm mistaken about that, please direct me to the specific language in that letter that put us on notice that such a claim was forthcoming. And regardless, again, seeking to add that claim on the eve of expert discovery is not appropriate.

We continue to believe that your pursuit of your antitrust claims violates the various duties you and your client bear, including under Rule 11. Your reliance on the Court's denial of our motion to dismiss is misplaced. At that stage, the Court was required to accept as true Spectrum's allegations in its Counterclaim—a standard reinforced by the duties parties and counsel bear under Rule 11. Discovery has revealed the pivotal allegations underlying your antitrust claims to be inaccurate and lacking the evidentiary basis required under Rule 11. Spectrum's own corporate deponents were unable to provide factual support for those allegations, such as the alleged market share figures and allegations regarding Genotek's contracting practices and their impact on Spectrum's sales. Spectrum's own documents directly refute its allegations time and time again, such as regarding the key issue of substitutes and market definition. The Counterclaim also misleadingly omitted Spectrum's extraordinary success selling its SDNA product shortly after the product's release, including Spectrum's dramatic increase in its production capacity and the fact that it sold every SDNA unit it could produce. This is antithetical to its antitrust claims and no doubt would have doomed those claims on a motion to dismiss had it not deliberately withheld these critical facts, among others, from its Counterclaim. And now, your own economic expert has refuted Spectrum's allegations, revealing—as just one example—Spectrum's market share allegations to be a farce. It's no secret that Spectrum filed its antitrust counterclaims as a tactical effort to try to exert leverage over Genotek in this litigation, including with baseless litigation-driven allegations like its representation that Genotek has a greater than 65% market share — it is no coincidence that this specific figure corresponds to the market share standard in the Ninth Circuit for a prima facie showing of monopoly power (something your expert disavows at the time Spectrum filed its Counterclaim and even well before then). Discovery has confirmed that this tactic was improper. I respectfully encourage you to abandon this course rather than dig a deeper hole. This is not bluster. I urge

Exhibit 4
16

you sincerely. We reserve all rights.

Lastly, Spectrum is required to dismiss its monopolization claim. It would not be appropriate to keep that claim in the case going forward given you are not pursuing it. That would create uncertainty and risk for us, and it also would impose unnecessary burden and expense on us and the Court because at the very least we would be required to move to dismiss it ourselves. So I ask again: please send us a stipulation or joint motion for dismissal this week. If you require us to move to dismiss it ourselves, we will need to seek our fees and costs for having to brief that given you have abandoned the claim. Candidly, this doesn't seem like it should be a controversial issue since you're not pursuing the claim. If your intention is to try to preserve the claim in someway in this case so as to pursue it again later, that would highlight our concern and the corresponding risk and impropriety of not dismissing it now. We don't intend for our experts to address your monopolization claim since you've abandoned it. But we of course reserve all rights while the claim remains pending.

We can schedule a meet-and-confer as soon as you provide the outstanding information I requested, should you persist down this path. Please understand that you do so at your own peril.

Best,
DC

**From:** Brandon Smith <Brandon.Smith@knobbe.com>
**Date:** Sunday, Feb 26, 2023 at 1:58 PM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>, DNAGSpectrum <DNAGSpectrum@mofo.com>, Lit SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>, Ali Razai <Ali.Razai@knobbe.com>
**Subject:** RE: DNA Genotek v. Spectrum

**External Email**

Hi David,

Following up on this. Please advise.

Best Regards,
Brandon
**Brandon Smith**
Partner
949-721-5317 Direct
**Knobbe Martens**

**From:** Brandon Smith <Brandon.Smith@knobbe.com>
**Sent:** Thursday, February 16, 2023 1:06 PM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>; DNAGSpectrum <DNAGSpectrum@mofo.com>; Lit SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>; Ali Razai <Ali.Razai@knobbe.com>
**Subject:** RE: DNA Genotek v. Spectrum

Hi David,

Thank you for your email.

Exhibit 4
17

To be more specific, Spectrum seeks only to supplement its pleadings under Rule 15(d) to add factual allegations of events that occurred after Spectrum filed its original Counterclaim. A copy of the proposed supplemental pleading is attached for your review.

Spectrum is not "alter[ing] the theory underlying its antitrust counterclaims." The proposed supplement adds allegations of antitrust violations stemming from DNA Genotek's continued enforcement of the '187 and '646 patents after the Court's claim construction rendered the claims baseless, which Spectrum alleges was done for an improper purpose.

DNA Genotek should not be surprised by Spectrum's proposed supplementation, especially in light of Ali's November 30, 2022 letter putting DNA Genotek on notice that its claims were implausible. DNA Genotek never provided a substantive response to that letter. On December 29, 2022, DNA Genotek amended its infringement contentions to account for the Court's claim construction. But, as set forth in Spectrum's Motion for Summary Judgment of Non-Infringement, DNA Genotek's positions in the infringement contentions and its litigation conduct since the Court's entry of the claim construction order have been anticompetitive. Spectrum's proposed supplemental pleading adds an additional basis for liability and does not alter any of the prior underlying theories, for example DNA Genotek's enforcement of the fraudulently-obtained '187 patent and DNA Genotek's assertion of a patent it knows to be invalid (i.e., the '187 patent) for an improper purpose.

Moreover, Spectrum's proposed supplement of its antitrust claim will not prejudice DNA Genotek as the supplement will not affect fact or expert discovery. The underlying antitrust elements remain unchanged, DNA Genotek's intent in enforcing the patents has always been part of the antitrust claim (e.g., knowingly asserting a patent that it knows to be invalid for an improper purpose), and the merits of the infringement allegations are central to the case. Regardless, DNA Genotek's responsive reports on the antitrust issues are not due until March 10, which is more than three months after Ali's November 30, 2022 letter and over a month after Ali's February 2 email. Thus, DNA Genotek continues to have ample time to address any issues raised by the supplemental pleading that do not overlap with Spectrum's prior allegations underlying its antitrust claim.

We appreciate your concern for our Rule 11 obligations, even if you fail to support your accusation with any factual or legal support. Nonetheless, we take our obligations seriously and are confident in Spectrum's position. Indeed, the Court has already denied DNA Genotek's attempt to dismiss the claim at the Rule 12 stage. The supplementation of the antitrust claim based on DNA Genotek's continued litigation on patents it knows are not infringed only serves to further strengthen the claim.

As for Spectrum's intent to streamline its counterclaim under § 2 of the Sherman Act, Spectrum does not believe any stipulation or dismissal is appropriate or necessary.

Please let us know if DNA Genotek will stipulate to Spectrum's filing of the supplemental pleading. Otherwise, please provide DNA Genotek's availability for a meet and confer on Spectrum's motion to supplement the pleadings.

Best,
Brandon

**Brandon Smith**
Partner
949-721-5317 Direct
**Knobbe Martens**

Exhibit 4
18

**From:** Cross, David D. <DCross@mofo.com>
**Sent:** Monday, February 6, 2023 4:31 PM
**To:** Ali Razai <Ali.Razai@knobbe.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>; DNAGSpectrum <DNAGSpectrum@mofo.com>; Lit SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>
**Subject:** RE: DNA Genotek v. Spectrum

Dear Ali –

I hope you enjoyed the weekend. Sorry for not responding sooner to your email below. Friday we were busy with expert reports, and today I've been tied up in back to back meetings (plus a doctor's appointment).

We appreciate that Spectrum is relinquishing its monopolization counterclaim. Please send us a stipulated order dismissing that claim with prejudice as soon as possible. I should note for clarity that we reserve the right to recover the fees and costs associated with defending Genotek against Spectrum's antitrust counterclaims.

Regarding your proposed amended counterclaims, we were surprised to learn the evening before expert reports were due that Spectrum is suddenly seeking to alter the theory underlying its antitrust counterclaims. Given the facts known to Spectrum and its counsel, including those contained in Spectrum's own documents, we believe the initiation and continued pursuit of any of the antitrust counterclaims violates Spectrum's and its counsel's duties in a variety of respects, including under Rule 11. Please send us the legal authority you're relying on for the new theory articulated below, that "DNA Genotek's continued assertion of the '187 and '646 patents after the Court's claim construction ruling" constitutes an actionable antitrust claim, including the statute(s) you contend that conduct violates. Please also send us the amended pleading so we can understand precisely what you're proposing. Once we have that information, we'd be happy to discuss the proposed pleading. We don't believe we can have a productive discussion without that information since it's unclear what exactly you intend with the contemplated amendments. To be clear, we believe any amendments to Spectrum's counterclaims at this late stage would be very untimely, highly prejudicial, and meritless. Spectrum's own documents and testimony have belied the core allegations underlying its antitrust counterclaims, and thus you should be dismissing those claims in their entirety at this point. But we will of course confer with you in good faith to see if we can resolve any disagreement.

Best,
DC

---

**From:** Ali Razai <Ali.Razai@knobbe.com>
**Date:** Thursday, Feb 02, 2023 at 7:06 PM
**To:** Cross, David D. <DCross@mofo.com>
**Cc:** Kramer, Brian M. <BMKramer@mofo.com>, DNAGSpectrum <DNAGSpectrum@mofo.com>, Lit SPCTM1L.004L <LitSPCTM1L.004L@knobbe.com>
**Subject:** DNA Genotek v. Spectrum

**External Email**

---

Counsel,

Spectrum intends to amend its antitrust counterclaim to add allegations related to newly-

Exhibit 4
19

developed facts.  Specifically, Spectrum seeks to add allegations that DNA Genotek's continued assertion of the '187 and '646 patents after the Court's claim construction ruling rendered the claims implausible constitute anticompetitive acts further supporting Spectrum's claim of attempted monopolization. Please let us know if DNA Genotek will join in a motion for Spectrum to so amend its counterclaim. If DNA Genotek will not agree, please let us know if you are available on **Wednesday February 8 to meet and confer** on Spectrum's contemplated Motion to Amend its Counterclaim.

I also wanted to inform you that Spectrum does not intend to present at trial a Sherman Act § 2 violation based on a theory of monopolization.  To be clear, Spectrum does intend to present at trial a Sherman Action § 2 violation based on a theory of attempted monopolization.

Best,
Ali Razai

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

==========================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's Privacy Policy.
.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

========================================================================

Exhibit 4
20

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

================================================================================

This message may be confidential and privileged. Use or disclosure by anyone other than an intended addressee is prohibited. If you received this message in error, please delete it and advise the sender by reply email. Learn about Morrison & Foerster LLP's [Privacy Policy](#).
.

Exhibit 4
21