BRIAN M. KRAMER (CA SBN 212107)
BMKramer@mofo.com
JOHN R. LANHAM (CA SBN 289382)
JLanham@mofo.com
DREW A. HILLIER (CA SBN 337112)
DHillier@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California 92130-2040
Telephone: 858.720.5100
Facsimile: 858.720.5125

DAVID D. CROSS (*pro hac vice*)
DCross@mofo.com
MORRISON & FOERSTER LLP
2100 L. Street, NW Suite 900
Washington, DC 20037
Telephone: 202.887.1500
Facsimile: 202.887.0763

Attorneys for Plaintiff
DNA GENOTEK INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DNA GENOTEK INC., a Canadian Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM SOLUTIONS L.L.C., a Utah Limited Liability Company,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 3:21-cv-0516-RSH-DDL<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Hon. Robert S. Huie<br>Hon. David D. Leshner<br><br>**JURY TRIAL DEMANDED**<br><br>*FOR IN CAMERA REVIEW* |

## I. INTRODUCTION

Genotek submits this *in camera* supplemental brief in support of its Motion for Entry of Protective Order regarding the Osler Spreadsheet ("Motion") (Dkt. No. 236) pursuant to the Court's Order Following March 15, 2023 Conference (Dkt. No. 264). The brief provides further detail that Genotek did not provide in its Motion to avoid revealing to Spectrum privileged communications between Genotek and its outside legal counsel. The public disclosure of any portion of the Osler Spreadsheet to Spectrum, including columns A-F, would reveal the content of attorney-client communications, making redactions not feasible.

## II. ARGUMENT

The disclosure of even portions of columns A-F of the Osler Spreadsheet would reveal the content and nature of privileged communications, which means that redactions would be ineffective. (A. Jackson Decl. ¶ 12, Dkt. No. 236-2). The fact that Genotek had patent counsel is not privileged but the subject matter of what Genotek discussed with counsel is privileged. The privileged material is engrained throughout the spreadsheet, which forecloses disclosing any portion of the document without revealing privileged information, even with redactions.

Column A reveals the specific inventions that Genotek discussed with Osler. Column A include additional notes regarding the legal status of Genotek's patents and licenses. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬[1] Rows 16-17 also disclose communications about whether a particular invention covers particular products. ▬▬▬▬▬▬▬▬▬▬ Even if a title in Column A matches a title on a publicly available patent, the

---

[1] Exhibit A contains excerpts of columns A-F from the tab called "2017 status" within the Osler Spreadsheet to provide illustrative examples. The Court's order referred to columns A-F. Some tabs in the Osler Spreadsheet contain the same type of information spread across columns labelled A-G. The arguments in this brief apply with equal force to those columns in other tabs. Printing the Osler Spreadsheet to a PDF would result in at least hundreds of pages. Explaining each privileged item in detail is not possible within this 2-page brief.

1 information reveals Genotek's specific communications with counsel. Column B
2 discloses which Genotek products could be covered by a particular invention or
3 patent and reflects communications with counsel about patent prosecution status.
4 ███████████████████████████████████████████████████████████████████
5 ███████████████████████████████ Columns C, D, E, and F reflect privileged
6 communications about specific patent application numbers, internal file numbers,
7 filing dates, patent numbers, and patent prosecution strategy, including future
8 prosecution activities. ██████████████████████████
9 ███████████████████████████████████████████████████████████████████
10 ███████████████████████████████████████████████████████████████████
11 ██████████████████████████████. Disclosing this information reveals the
12 substance of legal advice about Genotek's patent portfolio and strategy.
13      Although the Court should not order disclosure, any disclosure should be
14 limited to the patent numbers in Column F, while allowing Genotek to redact other
15 information. *See* Ex. A. (red boxes indicating redactions). The patent numbers,
16 however, are protected from disclosure because they reveal the content of
17 privileged communications. Even if they were not privileged, Spectrum has
18 admitted it does not need this privileged document: "we had other documents that
19 . . . were duplicative of this type of information." (Hearing Tr. 19:9-11 (Mar. 15,
20 2023).) Thus, if the Court believes it is a close call, it should not impose an undue
21 burden and damage the ability of a client to seek advice from its lawyers by
22 ordering the production of this information because there is no demonstrable
23 prejudice to Spectrum. (A. Jackson Decl. ¶ 14 ("Without being able to maintain
24 and organize privileged communications . . . as I have done . . . , I do not believe
25 that it would be possible for Genotek to receive or seek informed legal advice about
26 the prosecution of a patent portfolio."), Dkt. No. 236-2.)
27 **III. CONCLUSION**
28      The Court should grant Genotek's motion for entry of a protective order.

| | | |
|---|---|---|
| 1 | Dated: March 22, 2023 | MORRISON & FOERSTER LLP |
| 2 | | |
| 3 | | By: */s/ Drew A. Hillier* |
| 4 | | Drew A. Hillier<br>DHillier@mofo.com |
| 5 | | Attorney for Plaintiff<br>DNA GENOTEK INC. |

# EXHIBIT A